UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Rana Quraan, dba Nadia's Food Market, | ) ) | CASE NO. 1: 11 CV 2813 |
| Plaintiff, | ) ) | JUDGE PATRICIA A. GAUGHAN |
| vs. | ) ) | |
| United States of America, | ) ) | Memorandum of Opinion and Order |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant's Motion for Summary Judgment (Doc. 16). This case seeks judicial review of an administrative decision permanently disqualifying plaintiff from participating in the federal Food Stamp Program. For the following reasons, defendant's motion is GRANTED.

**Facts**

Plaintiff Rana Quraan, dba Nadia's Food Market, filed this Complaint for Judicial Review of Determination of U.S. Department of Agriculture, Food and Nutrition Service

1

against defendant United States of America.[1] The Complaint seeks reversal of the administrative decision permanently disqualifying plaintiff from participating in the federal Food Stamp Program now known as the Supplemental Nutrition Assistance Program (SNAP)[2].

Defendant sets forth the undisputed background of this governmental program which is administered by the United States Department of Agriculture (USDA) through the federal Food and Nutrition Service (FNS) in each state. Food stamp recipients can purchase food from authorized retailers at the face value of the food stamp benefit. Retail stores may participate in the Food Stamp Program only with the authorization of FNS. Authorized participants in the Food Stamp Program may only accept and redeem food stamp benefits in connection with the sale of eligible food stamp items. They are not authorized to accept food stamp benefits from other retailers, nor may they exchange food stamp benefits for cash.

The Food Stamp Program in Cuyahoga County, Ohio was converted to electronic benefits in 1997, and made food stamp benefits available to individual recipients via the Ohio Direction Card. Each authorized food stamp recipient is issued an Ohio Direction Electronic Benefits Transfer (EBT) card that contains a unique account number and an encrypted personal identification number (PIN). EBT/Food

---

[1] The United States Department of Agriculture Food and Nutrition Service was also named as a defendant, but the only proper defendant in an action for judicial review of a disqualification from the Food Stamp Program is the United States. *See* 7 U.S.C. § 2023(a).

[2] Defendant refers to the benefits as food stamps, and so will this Court.

Stamp benefits are downloaded monthly to the individual EBT Ohio Direction Card and the benefits are redeemed at stores authorized to accept food stamps. The benefits may only be redeemed with the use of the card which is swiped/read by the retailer on a machine which operates similarly to a credit card terminal. The EBT participant then enters his personal PIN to complete the transaction. The amount of the purchase is deducted from the EBT card.

Authorized stores are provided with a Point of Sale electronic card-reading device that is to be used only for food stamp customers actually purchasing authorized Food Stamp Program grocery items. The EBT system electronically debits the Ohio Direction Card and credits the retail food store bank account each time a customer uses the Direction Card to make a purchase at an EBT authorized store. Each EBT transaction identifies the amount of the transaction, the location, the EBT terminal, and the exact time of the transaction.

Nor does plaintiff dispute the following underlying facts of this case as set forth by defendant and supported by documentation attached to the motion:

On February 3, 2010, USDA Special Agents drove a cooperating witness (CW) to Nadia's Food Market to attempt food stamp trafficking under the direction of the agents. The CW went into the store and Walid Quraan, plaintiff's husband, agreed to give the CW cash in exchange for groceries purchased at another store with the EBT card. Quraan instructed the CW to go to Giant Eagle and buy some steak and chicken using the card, and to bring the items back to the store where he would pay him in cash for the food. On February 4, 2010, the CW purchased chicken and steak from Giant Eagle in the amount of $146.00 using the

EBT card. Quraan gave the CW $70.00 in cash, one package of cigarettes, and one bottle of beer in exchange for the meat.

On February 9, 2010, the CW went to Nadia's and was again instructed by Quraan to buy steak and/or chicken and return to Nadia's where these would be exchanged for cash. The CW returned later that same day and again exchanged the items he purchased for cash. Because the meat was purchased from Save-A-Lot, and not Giant Eagle, Quraan only agreed to give the CW $24.00 and a can of beer in exchange for the $69.00 steaks.

On February 10, 2010, a different CW went to Nadia's where Quraan agreed to purchase $200.00 in benefits from the EBT card in exchange for $100.00. The transaction was completed. On that same date, the original CW again purchased EBT benefits in exchange for $50.00 cash and one can of beer. On February 11, 2010, a CW received $50.00 in cash from a Nadia's employee for his EBT benefits.

On February 12, 2010, an investigator returned to the store and sold benefits for cash. On February 16, 2010, Quraan bought $355.37 in EBT benefits for $150.00, but only gave the CW $50.00 that day. Finally, Quraan bought EBT benefits for $60.00 on February 17, 2010. (Doc. 16 at 4-7; Exs. A-L).

A charge letter was issued to plaintiff by the USDA on July 6, 2011, and a final agency decision followed which permanently disqualified plaintiff from participation in the SNAP.

This matter is before the Court upon defendant's Motion for Summary Judgment.

**Standard of Review**

Summary Judgment is appropriate when no genuine issues of material fact exist and

4

the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)). A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. Federal Rule of Civil Procedure 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of [his] pleadings, but [his response], by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is genuine issue for trial. If he does not respond, summary judgment, if appropriate, shall be entered against him.

The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citation omitted); *see also United States v. Hodges X-Ray, Inc.,* 759 F.2d 557, 562 (6th Cir. 1985). However, the nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox*, 53 F.3d at 150.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "the mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 52 (1986)). Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

### Discussion

"The Food Stamp Program requires permanent disqualification on 'the first occasion or any subsequent occasion of a disqualification based on the purchase of coupons or trafficking in coupons or authorization cards by a retail food store.'" *McClain's Market v. U.S.,* 214 Fed. Appx. 502 (6th Cir. 2006) (citing 7 U.S.C. § 2021(b)(3)(B)). "'Trafficking' is defined as the buying and selling of coupons 'for cash or consideration other than eligible food.'" *Abboud, Inc. v. Glickman,* 1998 WL 476134 (6th Cir. 1998) (citing 7 C.F.R. § 271.2). "To survive summary judgment, a plaintiff in a Food Stamp Program disqualification case must raise material issues of fact as to each alleged violation." *McClain's Market, supra* (citing *Kahin v. United States*, 101 F.Supp.2d 1299, 1303 (S.D.Cal.2000)).

Plaintiff argues that exchanging food for cash is not "trafficking" as defined by 7 C.F.R. § 271.2. Consequently, plaintiff contends, because plaintiff's disqualification was based, in part, on this type of transaction, genuine issues of material fact exist. This Court disagrees.

6

As stated above, the Code of Federal Regulations defines trafficking as the buying or selling of coupons for cash or consideration other than eligible food. Here, the undisputed evidence establishes that plaintiff gave cash in exchange for food purchased elsewhere by the CW.  Therefore, the food stamp benefits were not exchanged for "eligible food."  As stated by one court, "Given the importance of providing nutritional assistance for the needy, Congress has been quite firm in ensuring that food stamps are used only to purchase eligible food items, and are not exchanged for cash or other things of value." *Idias v. U.S.,* 359 F.3d 695 (4th Cir. 2004) (citations omitted). Plaintiff exchanged cash and other items (cigarettes and beer) for food stamp benefits, i.e., food purchased at other stores using the EBT card.  Therefore, it engaged in trafficking.

Plaintiff relies on *Luu v. United States,* 614 F.Supp. 541 (E.D.Mo. 1985), where there was no evidence that plaintiff exchanged cash for food stamps.  In the case herein, however, there were exchanges of cash for food purchased with food stamp benefits.  Additionally, there is evidence in this case, unlike *Luu,* of the exchange of cash for EBT benefits.

Next, plaintiff asserts that she should be able to pay a civil penalty in lieu of a permanent ban and the latter would constitute an arbitrary and capricious punishment. Plaintiff relies on 7 U.S.C. § 2021 which states that disqualification is permanent except -

> that the Secretary shall have the discretion to impose a civil penalty of up to $20,000 for each violation... in lieu of disqualification ...  for such purchase of coupons or trafficking in coupons or cards that constitutes a violation... if the Secretary determines that there is substantial evidence that such store ... had an effective policy and program in effect to prevent violations of the chapter and the regulations, including evidence that--
>
> (i) the ownership of the store ... was not aware of, did not approve of, did not benefit from, and was not involved in the conduct of the violation; and

7

>   (ii)(I) the management of the store ... was not aware of, did not approve of, did not benefit from, and was not involved in the conduct of the violation[.]

Plaintiff maintains that, as owner and manager of the store, she was not aware of, did not approve of, did not benefit from, and was not involved in the conduct of the violation. Plaintiff asserts that she is willing to pay any penalty and establish preventative policies or programs.

In reply, defendant asserts that plaintiff never complied with the necessary requirements to be considered for a civil money penalty which included submission of documentation establishing entitlement. The Code of Federal Regulations sets forth the extensive criteria for eligibility of a money penalty in lieu of permanent disqualification for trafficking. 7 C.F.R. § 278.6(i). There is no evidence before the Court that the documentation outlined in the Code was submitted to the FNS as required. Although not referred to by plaintiff, a one page statement of plaintiff was submitted in August 2011 in response to the original charge letter issued by the USDA in July 2011. (Compl. Ex. 11) However, the final agency decision of November 2011 states that the "record clearly reflects that [plaintiff] did not qualify for a civil money penalty in lieu of permanent disqualification." (Compl. Ex. 10) Plaintiff fails to point to any documentation that evidence was submitted, as required by the Code, showing that the necessary criteria were satisfied.

For these reasons, plaintiff fails to establish a genuine issue of material fact.

**Conclusion**

For the foregoing reasons, defendant's Motion for Summary Judgment is granted.

IT IS SO ORDERED.

        /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 7/2/12